The Honorable Charlotte Schexnayder State Representative P.O. Box C Dumas, AR 71639-0220
Dear Representative Schexnayder:
This is in response to your request for an opinion, on behalf of the Desha-Drew School District, on several questions concerning a possible merger of the Desha-Drew district with two other districts, Dumas and McGehee. Specifically, you have attached a letter from the superintendent of the Desha-Drew district which indicates that the district is making plans to divide the district and annex a portion to the Dumas District and a portion to the McGehee district.
Your first question asks for "clearance" under Section 1 of Act 966 of 1991, (A.C.A. § 6-13-1207 (Cum. Supp. 1991). This statute requires an advisory opinion of the Attorney General as to the impact a proposed school district consolidation or annexation would have on the state's desegregation efforts. This question has been answered by separate correspondence, enclosed herewith, as it is not a matter handled through the official opinions process.
Your remaining questions involve practical problems concerning the representation of the new districts and the millages chargeable in the new districts. The superintendent's letter indicates that both the Dumas and McGehee districts are moving to "zoned" elections for school directors. The letter indicates that the target date for the annexations is July 1, 1993. If the zoned elections were to take place in July or September of 1993, the superintendent notes, there would be no problem with board representation of the new districts. School directors would just presumably be elected to the newly created districts at that time. If however, the zoned elections take place prior to this time (that is prior to the effective date of the annexations) or sometime in 1994, questions arise with regard to representation of the annexed territory on the new board of directors.
Specifically, the superintendent sets out the following possible scenario:
 The [annexation] election takes place in the Desha-Drew School District and passes in September, 1992. The Dumas and McGehee districts approve of the annexation through board resolutions. The Desha-Drew School District is set to be dissolved and annexed effective July 1, 1993. The Dumas and McGehee Districts include the expanded areas of the Desha-Drew School District that will become a part of this district effective July 1, 1993 in their demographic study. Zones are determined for election of Board of Directors of each district including the area in the former Desha-Drew District that will be part of the McGehee and Dumas districts effective July 1, 1993.
The questions posed with regard to this scenario are as follows:
 1) What if the zoned election in Dumas took place in March, 1993? Could a member of the Desha-Drew Board resign from his position and run for a position on the Dumas Board of Education in that election? If so, he would be residing in the Desha-Drew District and serving on the Dumas Board of Education for a short interim period until the Desha-Drew District is dissolved.
 2) What if the zoned election doesn't take place in McGehee until March of 1994? Under Act 966 of 1991 the Desha-Drew Board is granted some representation on the McGehee Board.
 A) Could the McGehee Board accept only one board member from Desha-Drew (making a total of six members) for a short interim period until the zoned elections take place?
 B) Could the Desha-Drew Board agree to have no representation on the McGehee Board for a short interim period and wait until the zoned elections take place?
It is my opinion that the answer to your first question is "no." A Desha-Drew School Board member may not resign his position and run for a position on the Dumas School Board if he does not reside in the Dumas District. The Arkansas Constitution, at art. 19, § 3, states that no person shall be elected to fill a vacancy in any office who does not possess the qualifications of an elector. One of the qualifications of an elector is the requisite residence. Additionally, Arkansas Constitution, art. 19, § 4
requires all district officers to reside in their respective districts. See also Davis v. Holt, 304 Ark. 619,804 S.W.2d 362 (1991).
This residence problem could, it seems, be eliminated by setting the effective date of the annexation, by agreement, prior to the zoned elections. See A.C.A. § 6-13-1204(b)(1). Consultation with the school board's legal counsel is perhaps indicated in this regard.
It is my opinion that the answer to the first part of your second question is also "no." Although Act 966 of 1991 allows a large measure of the representation of consolidated districts to be determined by agreement, it provides very specifically that "[t]he establishment of a board of directors with an even number of members following annexation or consolidation is hereby prohibited." The establishment of a board of six directors, even temporarily, is in my opinion therefore prohibited.
It is my opinion that the answer to the second part of your second question is "yes." As stated previously, Act 966 of 1991 allows the relative representation of the new district to be determined by agreement. "Any agreement between the boards of directors of the affected district, regarding the board of the directors of the resulting districts must provide for the eventual election of board members by zones within a reasonable time." A.C.A. § 6-13-1205(c)(2). It is my opinion that the districts would be within their authority if an agreement were reached to allow no representation of the Desha-Drew territory until the zoned election takes place. Whether this is the most favorable option is entirely up to the school district boards.
The superintendent has posed one final question regarding the millages rates of the three districts as follows:
 The millage rate at Dumas is 25, McGehee is 23 and Desha-Drew is 21. We do not plan to put any question on the September, 1993 ballot about millage increase or equalization. What process is used and when do the taxpayers in the former Desha-Drew District pay the millage rates of the Dumas and/or McGehee districts?
It is my opinion that this question is controlled by A.C.A. §26-80-111 (Cum. Supp. 1991) which provides that:
 When two (2) or more school districts are consolidated into one (1) school district, the rate of millages voted in the former school districts shall remain in effect for property located in each of the former school districts until such time as a new common tax rate proposed in the new school district is approved by a majority of the qualified electors voting in the annual school election.
Thus, until a new common rate is approved by the electors, the old millage rates for the affected territory will remain in effect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh